IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60010
Summary Calendar
_____


GLORIA S. TINZIE; SAMMY TINZIE,

                    Plaintiffs - Appellants-Cross-Appellees,

                              versus

ROBINSON PROPERTY GROUP LIMITED
PARTNERSHIP, doing business as
Horseshoe Casino & Hotel;
XAVIER JONES,

                    Defendants - Appellees-Cross-Appellants.
_____

Appeal from the United States District Court for the
              Northern District of Mississippi
                USDC No. 2:97-CV-185-EMB
_____
                      August 21, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Gloria Tinzie was injured by an employee of the Horseshoe
Casino & Hotel, Xavier Jones, who was filling a slot machine with
coins at the time.  Mrs. Tinzie and her husband sued.  After a
bench trial before a magistrate judge, the trial court found that
the employee had been negligent, but that the majority of Mrs.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tinzie's claimed injuries were not credible. As a result, the court awarded damages of only $8,474.75. The plaintiffs now appeal various issues related to the trial, and the defendants cross-appeal, seeking to overturn the award. Finding no reversible error, we affirm.

I

In December 1995, Mr. and Mrs. Tinzie visited the Horseshoe Casino. This casino is located in Tunica County, Mississippi, and is owned and operated by the Robinson Property Group. As Mrs. Tinzie was later walking down an aisle between rows of slot machines, Jones was filling a nearby slot machine with coins. Unfortunately, Jones spun at the wrong instant and struck Mrs. Tinzie in the face.

Mrs. Tinzie and her husband later sued on various grounds. During the subsequent bench trial, the court admitted medical and employment records concerning Mrs. Tinzie into evidence that suggested that her injuries were not as serious as she claimed. The trial court also allowed Dr. George Wood to testify for the defense as a medical expert over the Tinzies' objections that his designation as an expert had been untimely. After the trial, the court found that Jones had been negligent and awarded Mrs. Tinzie $7,474.75 and Mr. Tinzie $1,000.

The Tinzies now appeal the admission of the evidence and the judgment by the trial court. The defendants cross-appeal, asserting that the finding of negligence was clearly erroneous.

## II

### A

The Tinzies first challenge the court's denial of their motion to strike Dr. George Wood's expert testimony on the grounds that the defendants' designation of him as an expert was untimely. We view lower court case management decisions like this one under the abuse of discretion standard. Rushing v. Kansas City Southern Railway Co., 185 F.3d 496, 509 (5th Cir.), cert. denied, 120 S.Ct. 1171 (1999). Having reviewed the importance of Dr. Wood's testimony, the prejudice to the plaintiffs of allowing that testimony, the possibility that such prejudice could be cured, and the defendants' explanation for the delay, we find no abuse of discretion. See Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 572 (5th Cir. 1996).

Second, the Tinzies contend that the trial court should not have admitted Mrs. Tinzie's medical and employment records because both were hearsay. But these records fall within the exceptions 803(4) and 803(6) to the hearsay rule. Thus, they were properly admitted.

Third, the Tinzies attack the trial court's findings of fact.[1] We review such findings for clear error, and find none here. See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000)

B

On cross-appeal, the defendants challenge the trial court's negligence finding. Having reviewed the evidence, we cannot conclude that such a finding was clearly erroneous.

III

For the reasons stated herein, the trial court's judgment is

A F F I R M E D.

---

[1] The Tinzies' brief also tries to characterize an attack on these findings of fact as an attack on the legal standard used by the trial court in evaluating their claims. We disagree with this characterization and treat the challenge solely as one to the findings of fact.

4